# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| Fulton Bank, N.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.: N17C-12-104 SKR |
| | ) | |
| Hearthstone Manor I, LLC, Hearthstone | ) | |
| Manor II, LLC, Key Properties | ) | |
| Group, LLC, Country Life Homes, Inc., | ) | |
| Elmer G. Fannin, and Mary Ann Fannin, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This 20th day of August, 2018, upon consideration of Defendants' Motion for Reargument[1], Plaintiff's Opposition to Motion for Reargument[2], and exhibits attached thereto, it appears to the Court that:

1. On August 7, 2018, Defendants moved for reargument of this Court's Order, dated August 6, 2018, granting Plaintiff's Motion for Summary Judgment as to the principal amount owed by Defendants on Commercial Loan Account No. xxxxxx6-001.

2. The Court's standard of review on a motion for reargument is well-settled. A motion for reargument "will be denied unless the Court has overlooked a

---

[1] Trans. ID. 62321194.
[2] Trans. ID. 62345267.

controlling precedent or legal principles, or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[3]   A motion for reargument "is not intended to rehash the arguments already decided by the Court."[4]

3. Defendants have failed to demonstrate that the Court either "overlooked a controlling precedent or legal principles," or that it "misapprehended the law or facts" such as would have changed the outcome of the August 6 Order.   Instead, Defendants have rehashed old arguments made in their Response to Plaintiff's Motion for Summary Judgment.  Defendants have also purported to introduce new documents which they failed to address in the previous proceeding.[5]   Neither approach is appropriate on their Motion for Reargument.

Therefore, Defendants' Motion for Reargument is **DENIED**.

**IT IS SO ORDERED.**

Sheldon K. Rennie, Judge

---

[3] *Kennedy v. Invacare Corp.*, 2006 WL 488590, at *1 (Del. Super. Jan. 31, 2006) (internal citation omitted).
[4] *Id.*
[5] Defendants could have, and should have, submitted a Rule 56(f) affidavit in the previous proceeding, if, as they contend in their Motion for Reargument, they were unable to obtain the necessary material to rebut Plaintiff's Motion for Summary Judgment.  But they have failed to do so.

2